

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00076-CV

---

IN RE: THE COMMITMENT OF JAVIER ACEVEDO

---

On Appeal from the 112th District Court
Sutton County, Texas
Trial Court No. CV06425, Honorable Lynn Ellison, Presiding

---

November 6, 2024

## MEMORANDUM OPINION[1]

Before QUINN, C.J., and PARKER and DOSS, JJ.

A jury found appellant, Javier Acevedo, to be a "sexually violent predator" under chapter 841 of the Health and Safety Code, the Texas Civil Commitment of Sexually Violent Predators Act. Pursuant to that finding, the trial court entered an Order of Commitment, thereby directing him to be committed to a residential facility for sex offender treatment and supervision upon release from prison. By a single issue, Acevedo argues the evidence was legally insufficient to support a finding that he suffers from a

---

[1] The Supreme Court transferred this appeal from the Fourth Court of Appeals to the Seventh. Thus, the precedent of the Fourth Court controls if it conflicts with that of the Seventh. TEX. R. APP. P. 41.3.

behavioral abnormality making him likely to engage in a predatory act of sexual violence. We affirm.

### Background

Acevedo pleaded guilty to multiple sexual offenses against three different children. The offenses encompassed fourteen counts of sexual assault and one count of indecency with a child. His plea resulted in three different convictions with each accompanied by a five-year prison sentence. Furthermore, the trial court ordered the sentences to run concurrently. And, as his prison term neared completion, the State petitioned to civilly commit him to a treatment facility as a sexually violent predator.

Trial ensued whereat two witnesses appeared, Dr. Michael Arambula (the forensic psychiatrist) and Acevedo. Upon presentation of the evidence and argument, a jury answered "yes" to the question: "Do you find beyond a reasonable doubt that Javier Acevedo is a sexually violent predator?" That answer led to the trial court's ordering his civil commitment for treatment.

### Analysis

Again, through his sole issue, Acevedo attacks the legal sufficiency of the evidence underlying the jury's verdict. The salvo, though, is not broad-based. Rather, he believes the State failed to prove he had a behavioral abnormality. As explained by Acevedo, "[t]here is a consensus among mental-health experts, including Dr. Arambula, that sexual deviancy + antisociality = a behavioral abnormality. Indeed, Acevedo has a sexual disorder (i.e., sexual deviancy) in the form of pedophilia, but he does not have a personality disorder (i.e., antisociality). Without a personality disorder [he] does not have a behavioral abnormality." He attempted to clarify his position in footnote 24 of his

2

appellate brief. There, we find his statement that "Acevedo contends that the absence of antisociality undermines the jury's implied finding of a behavioral abnormality, not that the statute requires a diagnosis of antisociality as an element of a sexually-violent-predator determination." In other words, one must suffer from "antisociality" to have a behavioral abnormality, though the statute does not require "antisociality" to be a violent sexual predator. We overrule the issue.

The standard of review is set forth in *In re Commitment of Stoddard*, 619 S.W.3d 665, 674-75 (Tex. 2020) and *In re Commitment of Delacruz*, No. 03-19-00420-CV, 2020 Tex. App. LEXIS 10576, at *3-4 (Tex. App.—Austin Apr. 8, 2021, pet. denied) (mem. op.). We apply it here.

Next, the legislature provided for the involuntary "long-term supervision and treatment of sexually violent predators." TEX. HEALTH & SAFETY CODE ANN. § 841.001. Establishing one as such entails proof that 1) the person is a "repeat sexually violent offender" who 2) "suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence." *Id*. at § 841.003(a). The legislature defined behavioral abnormality as "a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." *Id.* at § 841.002(2). As explained by the Supreme Court, it is a condition that predisposes sexually violent conduct. *In re Bohannan*, 388 S.W.3d 296, 302-303 (Tex. 2012). That is, the word "predisposes" both qualifies and describes the "condition." *Id.* The required condition is the predisposition. *Id.* They are one and the same. *Id.* So, the requisite behavioral abnormality consists of proving a predisposition to commit

3

sexually violent offenses to the extent that the person becomes a menace to the health and safety of another person.  *Id*. at 303.

As can be seen, neither the legislature nor our Supreme Court mentioned or required proof of "antisociality" before one could be found to have a behavioral abnormality.  Moreover, at least one intermediate appellate court indicated it was not elemental to the equation of behavioral abnormality.  We see that in *In re Commitment of Landeck*, No. 10-24-00032-CV, 2024 Tex. App. LEXIS 5279 (Tex. App.—Waco July 25, 2024, no pet.) (mem. op.).  There, the court iterated:  "[t]hough ***not required for a finding of behavioral abnormality***, McGarrahan also provided some evidence of Landeck's 'antisociality.'"  *Id.*  at *5. (Emphasis added).  Leaving the task of writing legislation to the legislature and given the definition of "behavioral abnormality" that it wrote, we agree with the Waco Court of Appeals.  Proof of antisociality is "not required for a finding of behavioral abnormality."  All the State need prove to illustrate a behavioral abnormality is a "condition" predisposing the person to commit a sexually violent offense to an extent that he becomes a menace to the health and safety of another person.  The condition may or may not include one's suffering from antisociality.

More importantly, Dr. Arambula opined that Acevedo had "a behavioral abnormality that made him likely to engage in a predatory act of sexual violence."  The opinion was founded upon Acevedo's 1) sexual deviance (i.e*.,* chronic pedophilia), 2) refusal to take responsibility for the sexual offenses underlying his conviction, 3) refusal to seek treatment for his deviancy, 4) the commission of sexually related offenses to individuals within and outside his family, 5) the commission of sexually related offenses against a male child, which enhanced the risk of like future acts, 6) Acevedo's lying,

4

cheating, stealing, rule-breaking, and aggression as depicted through his convictions for assault, burglary, and assaulting a peace officer, and 7) lack of remorse, among other things.

According to Dr. Arambula, "Acevedo has a congenital or acquired condition that has affected his emotional and volitional capacity . . . relative to the presence of sexual deviance." He is "predisposed . . . to commit predatory acts of sexual violence" "because of how long it's been there and how many victims . . . [and] multiple incidents [he had] over a time." He is "a menace to the health and safety of others" "because of the seriousness of the sexual deviance and the high, high risk for recidivism." This and the other evidence mentioned constituted legally sufficient basis supporting the jury's verdict, beyond reasonable doubt.

We affirm the trial court's order of commitment.


Brian Quinn
Chief Justice